**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**ID TECH LLC d/b/a FROST NYC and**
**NISON KAYKOV,**

                    *Plaintiffs*,

    -against-

**TOGGLE WEB MEDIA LLC d/b/a ICY AF**
**JEWELRY and MOSHE PRIYEV,**

                    *Defendants*.

Civil Case No. 1:20-cv-05949-EK-RLM

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT IN ITS**
**ENTIRETY**

**PARDALIS & NOHAVICKA, LLP**

Eleni Melekou, Esq.
950 Third Avenue, 27th Floor
New York, New York 10022
Tel: 718.777.0400
E: Eleni@pnlawyers.com
*Attorneys for Defendants*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................ 6

PLAINTIFFS' ALLEGATIONS ........................................................................................... 7

ARGUMENT ........................................................................................................................ 8

   A. LEGAL STANDARD FOR MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6). ................ 8

   B. PLAINTIFFS FAIL TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT .............................. 10

      I. FATAL DEFICIENCIES OF PLAINTIFFS' PLEADINGS. ............................................. 10

      II. LACK OF ANY SIMILARITY. ....................................................................... 11

   C. THE COURT MUST DISMISS THE COMPLAINT IN ITS ENTIRETY AS TO DEFENDANT PRIYEV.
.................................................................................................................................18

   D. KAYKOV LACKS THE STANDING TO BRING THE INSTANT COPYRIGHT INFRINGEMENT

   CLAIM. ........................................................................................................... 20

   E. PLAINTIFFS ARE NOT ENTITLED TO STATUTORY DAMAGES AND ATTORNEY'S FEES. ....... 20

   F. THE COURT MUST ABSTAIN FROM EXERCISING JURISDICTION OVER PLAINTIFFS'

   COMPLAINT. .................................................................................................... 23

      I. PARALLEL FEDERAL AND STATE ACTIONS. ................................................. 24

      II. ANALYSIS OF FACTORS FOR DETERMINING WHETHER TO ABSTAIN. ............................ 25

CONCLUSION .................................................................................................................... 30

# TABLE OF AUTHORITIES

## Cases

*Adams v. Warner Bros. Pictures Network*, No. 05 Civ. 5211, 2007 WL 1959022, 2007 U.S. Dist. LEXIS 47448 (E.D.N.Y. June 29, 2007) ------------------------------------------------------------------- 13

*Adlife Mktg. & Commc'ns Co., Inc. v. Buckingham Bros.*, LLC, No. 519CV0796LEKCFH, 2020 WL 4795287, at *4 (N.D.N.Y. Aug. 18, 2020). ------------------------------------------------------------------ 21

*Alliance of Am. Insurers v. Cuomo*, 854 F.2d 591, 603 (2d Cir.1988). ----------------------------------------- 23, 25

*Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997) ----------------------------------- 19

*Argentto Sys., Inc. v. Subin Assocs., LLP*, No. 10-CV-8174, 2011 WL 2534896, at *3 (S.D.N.Y. June 24, 2011) -- 21

*Arkwright–Boston Manufacturers Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 211 (2d Cir.1985). -------------- 26

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ------------------------------------------------------ 9, 10, 11, 13

*ATSI Comm., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007) ----------------------------------------- 10

*Attia v. Society of the New York Hosp.*, 201 F.3d 50, 54 (2d Cir.1999) ----------------------------------------- 16

*AVELA, Inc. v. Est. of Monroe*, 34 F. Supp. 3d 311, 319 (S.D.N.Y. 2014) ----------------------------------------- 19

*Bell v. Blaze Magazine*, No. 99 Civ. 12342, 2001 WL 262718, 2001 U.S. Dist. LEXIS 2783 (S.D.N.Y. Mar. 16, 2001) ---------------------------------------------------------------------------------------- 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ----------------------------------------------------------- 10

*Bernstein v. Hosiery Mfg. Corp. of Morganton, Inc.*, 850 F.Supp 176, 184 (E.D.N.Y. 1994) ---------------------- 24

*Blakeman v. Walt Disney Co.*, 613 F.Supp.2d 288, 298 (E.D.N.Y.2009) ----------------------------------------- 12

*Boyle v. Stephens, Inc.*, No. 97 Civ. 1351, 1998 WL 80175, 1998 U.S. Dist. LEXIS 1968 (S.D.N.Y. Feb. 25, 1998) ------------------------------------------------------------------------------------------------- 13

*Buckman v. Citicorp*, No. 95 Civ. 0773, 1996 WL 34158, 1996 U.S. Dist. LEXIS 891 (S.D.N.Y. Jan. 30, 1996). -- 13

*BWP Media USA Inc.*, 69 F. Supp. 3d at 356 ------------------------------------------------------------------- 11

*C.A. Inc. v. Rocket Software, Inc.*, 579 F. Supp. 2d 355, 364 (E.D.N.Y. 2008) ------------------------------------ 22

*Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228, 1229 n. 1 (7th Cir.1979) --------- 24

*Colorado River Water Conservation District v. United States*, 424 U.S. 800, (1976), ------------------------ 23, 24, 27

*Computer Associates International, Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir.1992) --------------------------------- 17

*Day v. Union Mines Inc.*, 862 F.2d 652, 655 (7th Cir.1988) ------------------------------------------------------- 23

*Dittmer v. County of Suffolk*, 146 F.3d 113, 118 (2d Cir.1998) ---------------------------------------------------- 23

*EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005) --------------------------- 19

*Ez-Tixz v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996) ----------------------------------------------- 21, 22

*Ferolito v. Menashi*, 918 F. Supp. 2d 136, 141 (E.D.N.Y. 2013) ------------------------------------------- 23, 25, 26, 27

*Fisher–Price, Inc. v. Well–Made Toy Mfg. Corp.*, 25 F.3d 119, 123 (2d Cir.1994) --------------------------------- 14

*Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) ------------------------------------------------------- 19

*Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 766 (2d Cir.1991). --------------------------------------------- 12

*Gal v. Viacom Int'l, Inc.*, 403 F.Supp.2d 294, 305 (S.D.N.Y.2005) ------------------------------------------------- 12

*Garcia v. Tamir,* 1999 WL 587902 at 8 (S.D.N.Y. August 4, 1999) ------------------------------------------------ 28

*Global Network Commc'ns, Inc. v. N.Y.C.,* 458 F.3d 150, 155 (2d Cir. 2006) -------------------------------------- 9

*Gottlieb Dev. LLC v. Paramount Pictures Corp.,* 590 F.Supp.2d 625, 629 n. 1, 632 (S.D.N.Y.2008) ----------------- 12

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.,* 206 F. Supp. 3d 869 (S.D.N.Y. 2016) ---------------------------- 10

*Halebian v. Berv,* 644 F.3d 122, 130 (2d Cir. 2011)-------------------------------------------------------------------------- 9

*Hamil Am. Inc. v. GFI,* 193 F.3d 92, 99 (2d Cir.1999) ----------------------------------------------------------------12, 15

*In re Comverse Tech., Inc.*, No. 06–CV–1849 (NGG)(RER), 2006 WL 3193709, at *2, 2006 U.S. Dist. LEXIS
    80195, at *6 (E.D.N.Y. Nov. 2, 2006) ------------------------------------------------------------------------------------- 24

*Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 3d 494, 511 (S.D.N.Y. 2014). --------14, 15

*John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 278 (S.D.N.Y. 2014), *aff'd,* 882 F.3d 394 (2d Cir.
    2018). --------------------------------------------------------------------------------------------------------------------------- 20

*Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 578
    (S.D.N.Y. 2013)--------------------------------------------------------------------------------------------------------------- 19

*Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183(1952)---------------------------------------------- 23

*Knitwaves, Inc. v. Lollytogs Ltd. (Inc.),* 71 F.3d 996, 1002 (2d Cir.1995)------------------------------------------14, 21

*Koninklijke Philips Elecs. N.V. v. The ADS Grp.*, 694 F. Supp. 2d 246, 251 (S.D.N.Y. 2010) -------------------------- 19

*Kregos v. A.P.*, 3 F.3d 656, 664 (2d Cir.1993) ------------------------------------------------------------------------------- 13

*L-7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 430 (2d Cir. 2011) -----------------------------------------------------9

*Le Book Publ'g, Inc. v. Black Book Photography, Inc.*, 418 F.Supp.2d 305 (S.D.N.Y.2005)----------------------------- 13

*Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 21 (E.D.N.Y. 2014)-------------------------------------------------- 24

*McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir.2007). ------------------------------------------------ 12

*Meadowbrook-Richman, Inc. v. Associated Fin. Corp.*, 253 F. Supp. 2d 666 (S.D.N.Y. 2003)------------------------ 18

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 21–26 (1983) ------------------------------- 23, 24, 28

*MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190 (2d Cir. 2004). ----------------------------------------------- 17

*Naftali v. New York Deferred Exch. Corp.*, No. 15-CV-7152, 2017 WL 4325725, at *9-*10 (E.D.N.Y. Aug. 15,
    2017), *report and recommendation adopted*, 2017 WL 4286260 (E.D.N.Y. Sept. 26, 2017)------------------------ 19

*Nelson v. Adams USA, Inc.*, 529 U.S. 460, 471, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000)------------------------------ 20

*Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930) --------------------------------------------------- 15

*Pado, Inc. v. SG Trademark Holding Co. LLC*, No. 19CV6614RPKRER, 2021 WL 1723419 (E.D.N.Y. Apr. 29,
    2021)----------------------------------------------------------------------------------------------------------------------------- 18

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010)-------------------12, 13, 15, 18

*Reyher v. Children's Television Workshop*, 533 F.2d 87, 90–91 (2d Cir.1976)------------------------------------------ 15

*Rodriguez v. Heidi Klum Co., LLC*, No. 05 Civ. 10218 (LAP), 2008 WL 4449416 (S.D.N.Y. Sept. 30, 2008). ----- 17

*Rosser v. Chrysler Corp.,* 864 F.2d 1299, 1308 (7th Cir.1988) ------------------------------------------------------------ 25

*Rozenzweig v. ClaimFox, Inc.*, 251 F. Supp. 3d 449 (E.D.N.Y. 2017);------------------------------------------------- 18

*Shipman v. R.K.O. Radio Pictures, Inc.,* 20 F.Supp. 249, 249 (S.D.N.Y.1937) ------------------------------------------ 12

*Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012)-------------------------------------------------------9

*Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, 230 F. Supp. 3d 290 (S.D.N.Y. 2017)----------------------------- 11

*Software for Moving, Inc. v. Frid*, 09 CIV 4341 DLC, 2010 WL 2143670 (S.D.N.Y. May 27, 2010) ------------------9

*Solid Oak Sketches, LLC v. 2K Games, Inc.*, No. 16-CV-724, 2016 WL 4126543, at *4 (S.D.N.Y. Aug. 2, 2016)-- 21

*Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 430 (S.D.N.Y. 2010) ------------------------------------- 19

*Telesco v. Telesco Fuel and Masons' Materials, Inc.,* 765 F.2d 356, 362 (2d. Cir. 1985). -------------------------24, 25

*The Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 633 F. Supp. 2d 159, 162 (S.D.N.Y. 2009). ------------- 20

*Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 133 (2d Cir.2003). ---------------- 15

*United States v. Funds Held in the Name or for the Benefit of Wetterer*, 210 F.3d 96, 106 (2d Cir. 2000)----------- 19

*Village of Westfield, N.Y. v. Welch's,* 170 F.3d 116, 122 (2d Cir.1999) ------------------------------------------------ 25

*Walker v. Time Life Films, Inc.,* 615 F.Supp. 430, 434 (S.D.N.Y.1985)------------------------------------------------- 12

*Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1295 (Fed. Cir. 2007).-------------------------------------------- 18

*Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 815 F.Supp. 127, 132 (S.D.N.Y. 1993). ------------------------------ 29

*Williams v. A & E Television Networks*, 122 F. Supp. 3d 157, 162–63 (S.D.N.Y. 2015) ----------------------------13, 15

*Williams v. Crichton,* 84 F.3d 581, 591 (2d Cir. 1996)------------------------------------------------------------------ 16

*Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir.2001). ----------------------23, 24

*Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2d Cir.2001) ---------------------------------------------------- 14

*Zalewski v. Cicero Builder Dev., Inc.,* 754 F.3d 95, 105 (2d Cir. 2014) ------------------------------------------------ 17

## Statutes

15 U.S.C. § 1125(a) -------------------------------------------------------------------------------------------------------- 24

17 U.S.C. § 102(b) --------------------------------------------------------------------------------------------------------- 15

17 U.S.C. § 412 ---------------------------------------------------------------------------------------------------------20, 21

17 U.S.C. § 501 ------------------------------------------------------------------------------------------------------------6

17 U.S.C.A. § 501(a)------------------------------------------------------------------------------------------------------10, 20

Fed. R. Civ. P. 11 ---------------------------------------------------------------------------------------------------------- 16

Fed. R. Civ. P. 12 ---------------------------------------------------------------------------------------------------------- 10

Fed. R. Civ. P. 12(b)(6)------------------------------------------------------------------------------------- 6, 9, 12, 18, 22

Fed. R. Civ. P.15(a)(2). ----------------------------------------------------------------------------------------------------- 18

U.S.C.A. Const. Art. 1, § 8, cl. 8. ----------------------------------------------------------------------------------------- 15

## Other Authorities

3–12 Nimmer on Copyright § 12.10. ------------------------------------------------------------------------------------ 12

## PRELIMINARY STATEMENT

Defendants TOGGLE WEB MEDIA LLC d/b/a ICY AF JEWELRY ("Toggle" or the "Corporate Defendant") and MOSHE PRIYEV ("Priyev" or the "Individual Defendant") (Toggle and Priyev, collectively the "Defendants") respectfully submit the instant Memorandum of Law in support of their motion to dismiss the federal copyright infringement claim asserted by Plaintiffs ID TECH LLC d/b/a FROST NYC ("ID" or the "Corporate Plaintiff") and NISON KAYKOV ("Kaykov" or the "Individual Plaintiff") (ID and Kaykov, collectively, the "Plaintiffs") in their Amended Complaint filed on November 18, 2021 ("Am. Cplt.") (Docket No. 26). Defendants move to dismiss Plaintiff's complaint in its entirety pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim and in the alternative pursuant to the *Colorado River* doctrine of abstention.

In their Amended Complaint, Plaintiffs brought a single cause of action for Copyright Infringement under 17 U.S.C. § 501 that is dismissible as a matter of law. Plaintiff's second bite at the apple suffers from deficiencies similar to their initial pleadings. Plaintiffs have utterly failed to plead the pivotal elements of a copyright infringement claim, their entitlement to recover actual, statutory damages, legal costs, and attorney's fees. It is unclear why Plaintiffs sued Priyev in his individual capacity without including any allegations warranting the piercing of the corporate defendant's alleged corporate veil. These fatal inadequacies in Plaintiff's pleadings warrant the dismissal of their complaint in its entirety with prejudice.

In the alternative, the Court must dismiss and abstain from exercising jurisdiction over Plaintiffs' complaint under the *Colorado River* doctrine. Plaintiffs have engaged in piecemeal litigation and misled this Honorable Court by commencing two identical actions in both New York State and Federal Courts. Plaintiffs commenced the instant action in bad faith despite that an action involving identical underlying facts and parties, and almost same claims is currently pending

before the New York Supreme Court, County of Queens (hereinafter "Queens County Supreme Court"); Plaintiffs are now attempting to improperly circumvent Federal Procedure to gain a litigation advantage by violating several state court discovery orders and refusing to produce documents material to the defense of this action. Plaintiffs inappropriately and with great disrespect to this Honorable Court submitted intentionally false statements and omitted disclosure of the facts revealed in the course of the state court action. It is respectfully submitted that the Court must dismiss Plaintiffs' complaint and impose sanctions to Plaintiffs for their falsities and frivolous claim.

## PLAINTIFFS' ALLEGATIONS

The operative pleadings for purposes of this motion are Plaintiffs' Amended Complaint filed on November 18, 2021 (Docket No. 26). The Amended Complaint alleges, in relevant part, as follows:

Plaintiffs assert that in an unspecified time "authored the Copyrighted Work when *it* created *its* website to offer *its* merchandise for sale." Am. Cplt. ¶ 12 (emphasis in original). Plaintiffs fail to explain the nature of the "Copyrighted Work." Without clarifying any details of the alleged "Copyrighted Work," Plaintiffs offer conclusory statements that their work is "wholly original," and that Plaintiffs are the "exclusive owner" of this undefined copyrighted work. Am. Cplt. ¶ 13. Plaintiffs assert that they have obtained two copyright registrations. However, they submitted only the registration certificate of the copyright registration with number TX-8-656-864 as an exhibit to their Complaint. Am. Cplt. ¶ 14. Plaintiffs contend that they displayed their alleged "Copyrighted Work" on their website which is "available worldwide." Am. Cplt. ¶ 15. The unspecified "Copyrighted Work" is allegedly of significant value for ID. Am. Cplt. 16.

Plaintiffs submitted Exhibit C which ostensibly depicts Defendants' allegedly infringing activities. Plaintiffs do not specify the elements of Plaintiffs' "Copyrighted Work" purportedly copied by the Defendants. Plaintiffs merely assert that in an uncertain period of time "[t]he Defendants copied the Copyrighted Work when it created the Infringing Work." Am. Cplt. ¶¶18-20. Plaintiffs vaguely submit that there are similarities between the "Copyrighted Work" and the unclear "Infringing Work" albeit without elaborating on these similarities. Plaintiffs fail to describe any components of Defendants' allegedly "Infringing Activities." From a cursory review of Exhibit A and Exhibit C, it is clear that Plaintiffs' nebulous contentions that similarities between these pictures exist lack any merit. Am. Cplt. ¶ 21.

Subsequently, Plaintiffs submit that they sent a cease-and-desist letter to Defendants on April 3, 2019. Am. Cplt. ¶ 23. Nevertheless, Plaintiffs purposefully submit false statements in their Complaint that they "have no evidence that Defendants have complied with [their] demands" and that "Plaintiffs have been damaged and are continuing to be damaged." Am. Cplt. ¶ 25. The parties have engaged in an extensive litigation before the Queens County Supreme Court (the "State Action") and there is a DMCA notice according to which the accused content in Defendants' website has been removed upon the commencement of the State Action.

Based on the above allegations, Plaintiffs now bring a claim of Federal Copyright Infringement against Toggle and Priyev. For the reasons outlined below, Plaintiffs' Complaint should be dismissed in its entirety as a matter for law with prejudice and, alternatively, under the *Colorado River* doctrine.

## ARGUMENT

### A.  Legal Standard for Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is proper where a complaint fails to "state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Plausibility ... depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011). Applying the plausibility standard is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Software for Moving, Inc. v. Frid*, 09 CIV 4341 DLC, 2010 WL 2143670 (S.D.N.Y. May 27, 2010).

In deciding on a Rule 12 motion to dismiss, the Court's evaluation "'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (internal quotation omitted). "[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits.'" *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (*quoting*, *Global Network Commc'ns, Inc. v. N.Y.C.*, 458 F.3d 150, 155 (2d Cir. 2006)).

While a complaint need not contain a detailed factual allegation, the plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544 at 555. Plaintiffs Complaint utterly fails to plead sufficient facts and the requisite elements to state claims plausible on their face or to raise a right to relief above the speculative level in addition to presenting dubious and unreliable statements. For these reasons and for the reasons described below the Court must dismiss Plaintiffs' Complaint and, in the alternative, abstain from exercising jurisdiction.

### B.  Plaintiffs Fail to State a Claim for Copyright Infringement.

### I.       Fatal Deficiencies of Plaintiffs' Pleadings.

To withstand a motion to dismiss, a complaint based on copyright infringement must allege: (1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright. *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc*., 206 F. Supp. 3d 869 (S.D.N.Y. 2016) *citing* 17 U.S.C.A. § 501(a); Fed. R. Civ. P. 12.

Here, Plaintiffs fail to state the grounds upon which their claim rests through factual allegations sufficient to raise a right to relief above the speculative level. *ATSI Comm., Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 98 (2d Cir.2007) (quoting, *Twombly*, 550 U.S. at 546); *see also Iqbal*, 556 U.S. at 678–79. Herein, Plaintiffs fail to state what their "Copyrighted Work" is. Undoubtedly, a reader of the Amended Complaint would have great difficulty comprehending the nature of the Copyrighted Work and what exactly Defendants ostensibly copied.

Plaintiffs fail to plead which original works are subject of their copyright claim. Moreover, Plaintiffs fail to plead by what acts and during what time Defendants allegedly committed the

infringement, despite that the Exhibits submitted with the Amended Complaint do not show any indication of copying. Plaintiffs offer nothing more than bare legal conclusions, namely that "Defendants' copying, and exploitation of the Copyright Work was willful," "Defendants' intentional infringing conduct was undertaken to reap the aesthetic benefit and value associated with the Copyrighted Work." Am. Cplt. ¶ 22. *See, BWP Media USA Inc*., 69 F. Supp. 3d at 356, citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

The Copyright Certificate indicates that Defendants have copyrighted text and photographs. Plaintiffs fail to state which photographs or text Defendants have copied. The two exhibits that Plaintiff submitted, namely Exhibit A and C, do not demonstrate that Defendants copied any Plaintiffs' photographs or text. These gross deficiencies are fatal, thereby warranting the dismissal of Plaintiffs' Complaint in its entirety.

**II.    Lack of any similarity.**

Assuming, *arguendo*, that the above deficiencies are not adequate for the dismissal of the Plaintiffs' complaint, Plaintiffs fail to show that constituent elements of the Copyrighted Work have been copied or that the alleged "Copyrighted Work" is original to invoke the protections of the Copyright Act.

Elements of copyright infringement claim are:    (1) ownership of valid copyright,    and (2) copying of constituent elements of work that are original. *Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, 230 F. Supp. 3d 290 (S.D.N.Y. 2017). The Courts of this Circuit have held multiple times that "[i]n order to establish a claim of copyright infringement, 'a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2)

the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's.' " *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir.1999).

Questions of non-infringement have traditionally been reserved for the trier of fact. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010). Nonetheless, it is well settled that in ruling on a motion to dismiss, a district court may consider "the facts as asserted within the four corners of the complaint" together with "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir.2007). In copyright infringement actions, the works themselves supersede and control contrary descriptions of them, including "any contrary allegations, conclusions or descriptions of the works contained in the pleadings." *Peter F. Gaito Arch.* 602 F.3d at 64, *quoting* 3–12 Nimmer on Copyright § 12.10. *See also, Walker v. Time Life Films, Inc.,* 615 F.Supp. 430, 434 (S.D.N.Y.1985); *Shipman v. R.K.O. Radio Pictures, Inc.,* 20 F.Supp. 249, 249 (S.D.N.Y.1937). When a court is called upon to consider whether the works are substantially similar, no discovery or fact-finding is typically necessary, because "what is required is only a visual comparison of the works." *Folio Impressions, Inc. v. Byer Cal.,* 937 F.2d 759, 766 (2d Cir.1991).

Indeed, "there is ample authority for the proposition that a district court may make [a determination as to substantial similarity] on a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Gal v. Viacom Int'l, Inc*., 403 F.Supp.2d 294, 305 (S.D.N.Y.2005). *See, e.g., Blakeman v. Walt Disney Co*., 613 F.Supp.2d 288, 298 (E.D.N.Y.2009) (explaining that "many courts have, after comparing the works at issue, dismissed infringement claims for failure to state a claim where substantial similarity between the works cannot be found"); *Gottlieb Dev. LLC v. Paramount Pictures Corp.,* 590 F.Supp.2d 625, 629 n. 1, 632 (S.D.N.Y.2008)

(granting Rule 12(b)(6) motion to dismiss and holding that the two works in question, which the court deemed incorporated into the complaint by reference, were not substantially similar); *Adams v. Warner Bros. Pictures Network*, No. 05 Civ. 5211, 2007 WL 1959022, 2007 U.S. Dist. LEXIS 47448 (E.D.N.Y. June 29, 2007); *Le Book Publ'g, Inc. v. Black Book Photography, Inc.*, 418 F.Supp.2d 305 (S.D.N.Y.2005); *Bell v. Blaze Magazine*, No. 99 Civ. 12342, 2001 WL 262718, 2001 U.S. Dist. LEXIS 2783 (S.D.N.Y. Mar. 16, 2001); *Boyle v. Stephens, Inc.*, No. 97 Civ. 1351, 1998 WL 80175, 1998 U.S. Dist. LEXIS 1968 (S.D.N.Y. Feb. 25, 1998); *Buckman v. Citicorp*, No. 95 Civ. 0773, 1996 WL 34158, 1996 U.S. Dist. LEXIS 891 (S.D.N.Y. Jan. 30, 1996). In their Amended Complaint, Plaintiffs state that "[a]s can be seen from viewing and comparing Exhibits 'A' and 'C' the design of the Infringing Work is substantially similar to the Copyrighted Work." It is respectfully submitted that the Exhibits do not show any similarity between the two "works," thus the Court must dismiss the Complaint with prejudice. *See*, *Williams v. A & E Television Networks*, 122 F. Supp. 3d 157 (S.D.N.Y. 2015) ("A district court may resolve the issue of substantial similarity as a matter of law on a motion to dismiss in a copyright infringement action.") See, **Exhibits 1-2.**

Therefore, where, as here, the works in question are attached to a plaintiff's complaint, it is entirely appropriate for the district court to consider the similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation. *Peter F. Gaito Arch.*, 602 F.3d at 64. If, in making that evaluation, the district court determines that the two works are "not substantially similar as a matter of law," *Kregos v. A.P.*, 3 F.3d 656, 664 (2d Cir.1993), the district court can properly conclude that the plaintiff's complaint, together with the works incorporated therein, do not "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950.

"The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2d Cir.2001) (internal quotation and quotation marks omitted). In applying the so-called "ordinary observer test," the Courts of the Second Circuit ask whether "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.),* 71 F.3d 996, 1002 (2d Cir.1995) (internal quotation marks omitted). However, when a work has both protectible and unprotectible elements, the Court's analysis must be "more discerning." *Fisher–Price, Inc. v. Well–Made Toy Mfg. Corp*., 25 F.3d 119, 123 (2d Cir.1994). Therefore, the Court "must attempt to extract the unprotectible elements from [its] consideration and ask whether the protectible elements, standing alone, are substantially similar," *Knitwaves, Inc*., 71 F.3d at 1002 (emphasis omitted).

Consequently, a plaintiff must demonstrate that the similarity concerns protected elements of the work at issue. *Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc*., 64 F. Supp. 3d 494, 511 (S.D.N.Y. 2014). It is well settled that Copyright protection extends only to those components of a work that are original to the author. *Id.* (internal quotation and quotation marks omitted). As the term is used in copyright, original means only that the work was independently created by the author, and that it possesses at least some minimal degree of creativity. *Id.* (internal quotation and quotation marks omitted). Here, Plaintiffs have failed to include any detail as to the nature, components, originality, conception, and creation of their alleged "Copyrighted Work." As it is apparent, there is no single iota of originality or creativity in Plaintiffs' website. *See,* **Exhibit 1**. It is a standard ecommerce shop template created on Shopify.[1] See, **Exhibit 3**.

---

[1] https://www.shopify.com/

In a copyright action, however, the similarity between two works must concern the expression of ideas, not the ideas themselves. *Reyher v. Children's Television Workshop*, 533 F.2d 87, 90–91 (2d Cir.1976); *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930). *See,* 17 U.S.C. § 102(b). This principle, known as the "idea/expression dichotomy," "assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work." *Peter F. Gaito Arch.*, 602 F.3d at 67 (internal quotation omitted). "[S]imilarities are due to protected aesthetic expressions original to the allegedly infringed work, or whether the similarity is to something in the original that is free for the taking." *Id.* All in all, the validity of a copyright depends upon its originality. U.S.C.A. Const. Art. 1, § 8, cl. 8.

Ultimately, the Court's inquiry focuses on whether the alleged infringer has misappropriated "the original way in which the author has 'selected, coordinated, and arranged' the elements of his or her work." *Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 3d 494, 513 (S.D.N.Y. 2014). In other words, the Court's determination rests upon the finding "if a work copies the original way in which the author has selected, coordinated, and arranged these unprotectable elements to such an extent that the copying work is substantially similar to the 'expression of ideas' and 'total concept and overall feel' of the copied work, infringement can occur." *Williams v. A & E Television Networks*, 122 F. Supp. 3d 157, 162–63 (S.D.N.Y. 2015) *citing Peter F. Gaito Arch.*, 602 F.3d at 66–67 (internal quotation marks omitted)); *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 133 (2d Cir.2003). The Court uses its "good eyes and common sense." *See, Hamil Am.*, 193 F.3d at 102 (alteration omitted).

Here, Plaintiffs' allegations and the Exhibits submitted fail to establish that the total concept of Defendants' website is substantially similar to that of Plaintiffs'. In other words, Plaintiffs fail to state a claim upon which relief may be granted because they fail to plausibly allege and demonstrate through their exhibits that substantial similarities exist between the two websites, except from the fact that Plaintiffs and Defendants are competitors in the jewelry industry and sell similar products. Plaintiffs cannot weaponize the Copyright Act, thereby imposing unlawful constraints against their competitors. Plaintiffs' improper anti-competitive behavior intends to create a monopoly, foreclose healthy competition, destroy Defendants' business, and give Plaintiffs unlawful competitive advantage, thereby warranting the imposition of sanctions under Rule 11 by the dismissal of the Amended Complaint in its entirety with prejudice and awarding Plaintiffs' legal fees and costs for defending the instant frivolous litigation. *See*, **Exhibits 1** and **2.** It is respectfully submitted that an observer using its common sense and good eyes cannot find any similarities whatsoever between the two exhibits in comparing ID's and Toggle's websites.

Assuming that the Court can find similarities, the unspecified similarities that Plaintiffs allege between the two exhibits are not protected by copyright law. Defendants did not copy any text or photograph protected under ID's certificate of registration. It is a fundamental principle of the United States copyright doctrine that ideas, concepts, and processes are not protected from copying. *Attia v. Society of the New York Hosp.*, 201 F.3d 50, 54 (2d Cir.1999). By way of analogy, any similarities between the parties' websites constitute 'scènes à faire' typical in ecommerce platforms, and therefore, not protectable. *See*, *Lewinson v. Henry Holt & Co., LLC*, 659 F. Supp. 2d 547, 567 (S.D.N.Y. 2009). *See, also Williams v. Crichton,* 84 F.3d 581, 591 (2d Cir. 1996) (explaining that a copyright claim will fail where the alleged similarities relate to "unprotectible sc[è]nes [à] faire or trivial, scattered details").

"[S]cènes à faire, sequences of events or features that necessarily result from the choice of a setting or situation do not enjoy copyright protection and are excluded from consideration when deciding whether or not two works are substantially similar." *Rodriguez v. Heidi Klum Co., LLC*, No. 05 Civ. 10218 (LAP), 2008 WL 4449416 (S.D.N.Y. Sept. 30, 2008). Scènes-à-faire are uncopyrightable elements that follow naturally from a work's theme rather than from an author's creativity. *MyWebGrocer, LLC v. Hometown Info, Inc*., 375 F.3d 190 (2d Cir. 2004).

In *Computer Associates International, Inc. v. Altai, Inc*., 982 F.2d 693 (2d Cir.1992), the Second Circuit applied the usual copyright doctrines of merger, public domain, and scènes-à-faire to these new circumstances. For example, the Court applied the doctrine of scènes-à-faire because, "in many instances it is virtually impossible to write a program ... without employing standard techniques." *Id*. at 709 (internal quotation marks omitted). Subsequently, the Second Circuit applied the "scènes-à-faire" doctrine in architecture. *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 105 (2d Cir. 2014) (holding that "There are Neoclassical government buildings, colonial houses, and modern high-rise office buildings are all recognized styles from which architects draw. Elements taken from these styles should get no protection. Likewise, there are certain market expectations for homes or commercial buildings. Design features used by all architects, because of consumer demand, also get no protection"). Consequently, this Court must apply the same doctrine in analyzing the similarity of two ecommerce stores in questions. Features that the consumer can use to select for example the color, quantity, dimensions, specifications, quality, material of a product, the payment method are not copyrightable because there are necessary for the function of the ecommerce store. The product titles or descriptive language, sorting, order, and sequence are not Plaintiffs' creations, there is no element of creativity in these features and, therefore, are not copyrightable. Undisputedly, countless ecommerce stores globally

use these features in their website to sell their products and services without the fear of being sued for copyright infringement by ID. *See*, **Exhibit 4**.

Any proposed second amendment cannot cure the above fatal deficiencies or survive a second motion to dismiss. *See, Rozenzweig v. ClaimFox, Inc*., 251 F. Supp. 3d 449 (E.D.N.Y. 2017); Fed. R. Civ. P. 12(b)(6), 15(a)(2). Therefore, Defendants have utterly failed to plead a claim for Copyright Infringement and the Court must dismiss their Complaint in its entirety with prejudice.

### C.  The Court Must Dismiss the Complaint in its entirety as to Defendant Priyev.

A party seeking to pierce the veil must make a two-part showing: (1) that the owner exercised complete domination over the corporation with respect to the transaction at issue, and (2) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil. *Meadowbrook-Richman, Inc. v. Associated Fin. Corp*., 253 F. Supp. 2d 666 (S.D.N.Y. 2003). Generally, the corporate veil shields a company's officers from personal liability for direct patent infringement that the officers commit in the name of the corporation, unless the corporation is the officers' alter ego. *Pado, Inc. v. SG Trademark Holding Co. LLC*, No. 19CV6614RPKRER, 2021 WL 1723419 (E.D.N.Y. Apr. 29, 2021). This Court has previously held that in determining whether corporate officers are personally liable for direct patent infringement requires invocation of those general principles relating to piercing the corporate veil. *Id*. The corporate veil doctrine "is not unique to patent law" and is accordingly governed by the law of the regional circuit. *Wechsler v. Macke Int'l Trade, Inc*., 486 F.3d 1286, 1295 (Fed. Cir. 2007). By way of analogy, this Court must apply the same principle and dismiss the Complaint as to Priyev since Plaintiffs fail to invoke the well-established principles under New York law warranting the piercing of Toggle's corporate veil. In the Second Circuit, "the veil-piercing analysis is governed

by the law of the place of incorporation." *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 430 (S.D.N.Y. 2010) (citing *United States v. Funds Held in the Name or for the Benefit of Wetterer*, 210 F.3d 96, 106 (2d Cir. 2000)). Because Toggle is a New York company, New York law governs the veil-piercing analysis here. *See AVELA, Inc. v. Est. of Monroe*, 34 F. Supp. 3d 311, 319 (S.D.N.Y. 2014) (citing *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).

Under New York law, "[a]s a rule, the corporate form is accorded great respect and is set aside only when necessary to avoid a manifestly inequitable result." *Koninklijke Philips Elecs. N.V. v. The ADS Grp.*, 694 F. Supp. 2d 246, 251 (S.D.N.Y. 2010). A party seeking to pierce a corporate veil must allege "(i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Id. quoting Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997). That party "must come forward with factual allegations as to both elements of the veil-piercing claim." *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005).

Here, similarly to *Pado, Inc.* Plaintiffs have not adequately pleaded facts that would justify piercing the corporate veil to hold the Individual Defendants directly liable for copyright infringement. The case law is settled. Even the mere fact that an individual is the sole member, shareholder, or a controlling person in an entity does not, by itself, justify piercing the corporate veil. *See*, *Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 578 (S.D.N.Y. 2013); *see Naftali v. New York Deferred Exch. Corp.*, No. 15-CV-7152, 2017 WL 4325725, at *9-*10 (E.D.N.Y. Aug. 15, 2017), *report and recommendation adopted*, 2017 WL 4286260 (E.D.N.Y. Sept. 26, 2017); *see*

*also Nelson v. Adams USA, Inc.*, 529 U.S. 460, 471, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000) ("One-person corporations are authorized by law and should not lightly be labeled sham[s].").

Therefore, the Court must dismiss the Complaint in its entirety as to Defendant Priyev.

**D.    Kaykov Lacks the Standing to Bring the Instant Copyright Infringement Claim.**

Only copyright owners and exclusive licensees may sue for infringement under the Copyright Act. *See,* 17 U.S.C.A. § 501(a). "The Copyright Act authorizes only two types of claimants to sue for copyright infringement: (i) owners of copyrights, and (ii) persons who have been granted exclusive licenses by owners of copyrights."). *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 278 (S.D.N.Y. 2014), *aff'd*, 882 F.3d 394 (2d Cir. 2018).

Here, from the face of the Copyright Registration, it is crystal clear that only ID is the owner of the "Copyrighted Work." It is ambiguous under what capacity Kaykov is included as a Plaintiff in the instant action. The Copyright Registration does not establish Kaykov's ownership on the alleged "Copyrighted Work," while the Complaint does not state that Kaykov is an exclusive licensee of ID's "Copyrighted Work." Therefore, Kaykov lacks the standing to bring the instant copyright infringement claim against Defendants and recover damages in his individual capacity because he is not the owner of the "Copyrighted Work."

**E.    Plaintiffs Are Not Entitled to Statutory Damages and Attorney's Fees.**

"With specified exceptions, 17 U.S.C. § 412 prohibits recovery of statutory damages for each and every work unless the work was registered (a) before the infringement commenced or (b) within three months after its first publication." *The Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 633 F. Supp. 2d 159, 162 (S.D.N.Y. 2009). 17 U.S. Code § 412 requires the identification of the date that the alleged infringement commenced, the date of the copyright registration, and the date of first publication as a prerequisite to Plaintiff's entitlement to statutory

damages and attorneys' fees. *See, e.g.*, *Ez-Tixz, Inc. v. Hit-Tix, Inc*., 919 F. Supp. 728, 735 (S.D.N.Y. 1996) citing, *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.),* 71 F.3d 996, 1012 (2d Cir.1995). Under 17 U.S.C. § 412 "no award of statutory damages or of attorney's fees…shall be made for (1) any infringement of copyright in an unpublished work commenced before the date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work". The complaint fails to satisfy the necessary requirements under 17 U.S.C. § 412 which would enable the Plaintiff to recover statutory damages and attorneys' fees. Here, Plaintiffs fail to identify the date that the alleged infringement commenced. "Courts in this Circuit often dismiss claims for statutory damages or attorneys' fees at the Rule 12(b)(6) stage if a work is neither registered before the infringement nor published before the infringement and within three months of registration, bases for dismissal under § 412 depend on the alleged registration date." *Adlife Mktg. & Commc'ns Co., Inc. v. Buckingham Bros*., LLC, No. 519CV0796LEKCFH, 2020 WL 4795287, at *4 (N.D.N.Y. Aug. 18, 2020).[2] Here, Plaintiffs'

---

[2] See, e.g., *Solid Oak Sketches, LLC v. 2K Games, Inc*., No. 16-CV-724, 2016 WL 4126543, at *4 (S.D.N.Y. Aug. 2, 2016) (finding that because plaintiff alleged that the infringement began before the registration, "Plaintiff is not entitled to recover either statutory damages or attorneys' fees [and] Defendants' motion to dismiss Plaintiff's claims for statutory damages and attorneys' fees is therefore granted"); *Argentto Sys., Inc. v. Subin Assocs., LLP*, No. 10-CV-8174, 2011 WL 2534896, at *3 (S.D.N.Y. June 24, 2011) ("Because the alleged infringement began before the effective date of the copyright registration of the software at issue, the motion to dismiss Plaintiffs' claims for statutory damages and attorney fees is granted."); *C.A. Inc. v. Rocket Software, Inc*.,

claim for statutory damages or attorney's fees is legally insufficient. A plaintiff cannot survive an otherwise viable motion to dismiss or prevail on an otherwise unmeritorious motion for default judgment by simply concealing a straightforward allegation essential to determining the legal sufficiency of their claims. *Id*. Here, Plaintiffs suspiciously omitted providing any information relating to the date that the alleged copyright infringement commenced. From the Copyright Certificate, it is clear that Plaintiffs' "Copyrighted Work" was not registered within the first three months following its publication. The Effective Date of Registration is December 19, 2018, while the date of the first publication of Plaintiffs' "Copyrighted Work" is January 31, 2014, more than four years prior to the registration. From Plaintiffs' own allegations, the cease-and-desist letter was sent less than three months following the effective date of the copyright registration.  In any event, Plaintiffs failed to provide evidence that their "Copyrighted Work" is entitled to protections under § 412.

Therefore, it is respectfully submitted that the Court should dismiss Plaintiff's claim for statutory damages and attorney's fees, since Plaintiff omits to state the date that the alleged infringement occurred.

---

579 F. Supp. 2d 355, 364 (E.D.N.Y. 2008) (noting in precluding statutory damages and attorney's fees at the Rule 12(b)(6) stage that "[w]here, as here, the infringement is alleged to have commenced prior to registration ... statutory damages and attorneys' fees are unavailable."); *Ez-Tixz v. Hit-Tix, Inc*., 919 F. Supp. 728, 736 (S.D.N.Y. 1996) (dismissing plaintiff's claims for statutory damages and attorney's fees because "[t]he plaintiff's own complaint alleges that the infringement began [before the alleged registration date]").

**F.**     **The Court Must Abstain from Exercising Jurisdiction over Plaintiffs'**
**Complaint.**

Pursuant to *Colorado River Water Conservation District v. United States,* 424 U.S. 800,

(1976), and its progeny, a federal court may abstain from exercising jurisdiction over a case where

there is pending a parallel state court proceeding *and* certain factors weigh in favor of

abstention. *See, id.; Gen. Reinsurance Corp. v. CIBA–Geigy Corp.,* 853 F.2d 78, 81 (2d Cir.1988).

The Supreme Court held that abstention under *Colorado River* rests on considerations of

"'[w]ise judicial administration, giving regard to conservation of judicial resources and

comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817, *quoting Kerotest Mfg.*

*Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183(1952)). It is well settled that for state and

federal actions to be parallel, the actions need not be identical. *Ferolito v. Menashi*, 918 F. Supp.

2d 136, 141 (E.D.N.Y. 2013). Lawsuits are considered "parallel when substantially the same

parties are contemporaneously litigating substantially the same issues in different forums." *Day v.*

*Union Mines Inc*., 862 F.2d 652, 655 (7th Cir.1988) (internal quotation marks omitted); *see,*

*Dittmer v. County of Suffolk*, 146 F.3d 113, 118 (2d Cir.1998); *Alliance of Am. Insurers v. Cuomo*,

854 F.2d 591, 603 (2d Cir.1988). Where parallel proceedings exist, a court determines whether to

abstain by considering the following factors set forth in *Colorado River*: (1) whether either court

has exercised jurisdiction over a res or property; (2) the relative convenience of the forums; (3) the

order in which jurisdiction was obtained; (4) whether piecemeal litigation may be avoided by

abstention; (5) whether state or federal law applies to disposition of the claims; and (6) the ability

of the state court to protect the rights of a federal plaintiff. *See, Moses H. Cone Mem'l Hosp. v.*

*Mercury Constr. Co.*, 460 U.S. 1, 21–26 (1983); *Colorado River*, 424 U.S. at 818–19; *Woodford*

*v. Cmty. Action Agency of Greene County, Inc*., 239 F.3d 517, 522 (2d Cir.2001). No single factor

is determinative, and the decision whether to abstain is left to the trial court's sound discretion.

*See, Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16; *Colorado River*, 424 U.S. at 818–19; *Woodford*, 239 F.3d at 522.

**I.      Parallel Federal and State Actions.**

In the instant matter, there are two parallel federal and state court actions. The Courts of this Circuit have held that "[a] suit is 'parallel' when substantially the same Parties are contemporaneously litigating substantially the same issues in another forum." *Bernstein v. Hosiery Mfg. Corp. of Morganton, Inc.,* 850 F.Supp 176, 184 (E.D.N.Y. 1994), *quoting*, *Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.,* 600 F.2d 1228, 1229 n. 1 (7th Cir.1979). "Perfect symmetry of parties and issues is not required. Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 21 (E.D.N.Y. 2014)., *quoting In re Comverse Tech., Inc.*, No. 06–CV–1849 (NGG)(RER), 2006 WL 3193709, at *2, 2006 U.S. Dist. LEXIS 80195, at *6 (E.D.N.Y. Nov. 2, 2006) (internal citation omitted).

The Court's analysis focuses on whether the claims concern the same events and involve "sufficient overlap of subject matter." *Alliance of American Insurers*, 854 F.2d at 603; *Telesco v. Telesco Fuel and Masons' Materials, Inc.,* 765 F.2d 356, 362 (2d. Cir. 1985). Indeed, even if the claims asserted in the two proceedings are not identical, if the state proceeding would permit adjudication of the claims asserted in the federal proceeding, the proceedings are parallel. *Telesco,* 765 F.2d at 362.

The State Court Action arises out of the same core allegations and involves the exact same parties as the Federal Action, namely the alleged copying of ID's website from Toggle. **See, Exhibit 5.** The State Court Complaint includes causes of action for False Designation of Origin under 15 U.S.C. § 1125(a); Trade Dress Infringement under 15 U.S.C. § 1125(a); Injury to

Business Reputation; and Common Law Trade Dress Infringement and Unfair Competition. In relevant parts of the State Court Complaint, Plaintiffs state that "Defendant Toggle and Defendant Priyev copied the entirety of ID's website including the Copyrighted Materials therein and attempted to open competing website" (¶18); "Kaykov then served Toggle's website domain host with Takedown Notices pursuant to the Digital Millennium Act (DMCA) and caused the Copyrighted Materials therein to be taken down by the website host." (¶21); "[t]he likelihood of confusion mistake, and deception engaged by Toggle's misappropriation of the Copyrighted Content, layout and trade dress is causing irreparable harm to the goodwill symbolized by ID's trade-dress, layout and Copyrighted Content" (¶ 30). As the Second Circuit has held that raising an alternative theory of recovery is insufficient to differentiate the federal suit from the state suit. *Ferolito,* 918 F. Supp. 2d at142, *citing, Telesco,* 765 F.2d at 362–3 and *Rosser v. Chrysler Corp.,* 864 F.2d 1299, 1308 (7th Cir.1988). Plaintiffs seek to recover identical actual damages, attorney's fees, and costs with both actions.

## II.   Analysis of Factors for Determining Whether to Abstain.

### a.   Exercise of Jurisdiction Over a Res or Property.

There is no *res* or property over which either court has exercised jurisdiction. Therefore, this factor is neutral with respect to Court's analysis under the *Colorado River* doctrine.

### b.   Convenience of the Forums.

The State Court Action is pending in Queens County, and the Federal Action is pending in the Eastern District of New York. Where, as here, the federal court is just as convenient as the state court, this factor is substantially neutral and potentially favors the retention of federal jurisdiction. *See, Ferolito,* 918 F. Supp. 2d at143, *citing, Village of Westfield, N.Y. v. Welch's,* 170 F.3d 116, 122 (2d Cir.1999).

**c.  The Order in Which Jurisdiction Was Obtained.**

The instant Federal Action was filed more than a year following the initial State Court Action. The State Court Action was filed by Plaintiffs on April 23, 2019. The instant Federal Action was filed on December 7, 2020.

However, this factor does not turn exclusively on the dates when the actions were filed, but on the relative progress of the cases. *See, Arkwright–Boston Manufacturers Mut. Ins. Co. v. City of New York,* 762 F.2d 205, 211 (2d Cir.1985). By comparison, there has been considerably more progress in the State Court Action than in the Federal Action. Indeed, the present motion, is the only substantial proceeding in the Federal Action. Comparing the progress of these actions leads the Court to conclude that this factor weighs in favor of abstention. *See, Ferolito,* 918 F. Supp. 2d at143.

For more than two years, the Parties have been involved in considerable discovery and motion practice in the State Court Action. Three non-party witnesses were served with subpoenas (**Exhibit 6** at 1-7), certified business records were obtained from non-party witness Shopify Inc. (*id.* at 8), and Plaintiff ID Tech LLC's managing member was deposed. *See,* **Exhibit 3.** Plaintiffs further improperly filed a Note of Issue thereby certifying to the Court that the State Court Action was ready for trial. Plaintiff's Note of Issue and Certificate of Readiness were vacated by the Court given the outstanding discovery that Plaintiffs, not Defendants, have failed to produce.

**d.  Avoidance of Piecemeal Litigation.**

Given that the Federal Action appears to be based on the exact same underlying facts and circumstances, the federal and state courts would be considering the same issues and will likely assess the same evidence and hear the same witnesses. Allowing such similar actions to proceed in the federal and state courts under the circumstances would waste judicial resources and invite

duplicative efforts. *Ferolito,* 918 F. Supp. 2d at143. Moreover, significant possibility exists that the federal and state courts could come to conflicting decisions concerning the same events. This factor weighs heavily in favor of abstention.

**e.   Whether State or Federal Law Provides the Applicable Law.**

While Plaintiffs cannot include a cause of action for Copyright Infringement in their State Court Action. Plaintiffs' instant Copyright Infringement Claim is duplicative of their state law causes of action since the redress would be the same and all these claims are identical. The State Court Complaint repeatedly refers to Plaintiffs' allegedly "Copyrighted Content" which is the exact same content as the "Copyrighted Work" referenced in the Federal Complaint. The State Causes of Action can provide the applicable law and protect Plaintiffs' rights.

Furthermore, Plaintiffs have available the exact same legal remedies in the state court action and seek to recover the same remedies. As of this day, Toggle is prohibited from displaying thirty-seven product pages on its website of which Plaintiffs complained in their second DMCA Takedown Notice on November 11, 2019, until the State Court Action is resolved. **Exhibit 7.** Therefore, this factor significantly weights in favor of abstention.

**f.   The Ability of the State Court to Protect the Plaintiff's Rights.**

The state court can adequately protect Plaintiffs' rights. Plaintiffs' claims can be sufficiently litigated in, and resolved by, the state court. The conservation of judicial resources is another factor to be considered in determining the existence of exceptional circumstances justifying deference to a parallel state litigation. This factor weighs in favor of abstention.

When combined with the normal *Colorado River* factors, particularly the danger of piecemeal litigation, consideration of the vexatious and reactive nature of this action is more than sufficient to constitute the exceptional circumstances which tip the balance away from this court's

exercise of jurisdiction in this matter. *Garcia v. Tamir,* 1999 WL 587902 at 8 (S.D.N.Y. August 4, 1999). Therefore, on balance, the factors applicable to the circumstances demonstrate that the interests of wise conservation of judicial resources and the comprehensive disposition of litigation weigh sufficiently in favor of abstention. Accordingly, the Court must exercise its discretion and dismiss Plaintiffs' Complaint based on *Colorado River* abstention.

### g.  Additional Factor- Vexatious or Reactive Litigation.

In *Moses H. Cone Mem'l Hosp. v. Mercury Construction Corp.,* 460 US 1 (1983), the Supreme Court stated that it found "considerable merit" in the idea "that the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River." Bernstein, Inc.,* 850 F.Supp  184. As in *Moses* and *Bernstein,* the sequence of events in the instant case shows that the same parties are plaintiffs in both courts and sue in the federal court under the same facts seeking the same relief after they have suffered some failures in the earlier state court action. Plaintiffs' counsel, frivolously and in clear violation of the Federal Rules of Civil Procedure and New York Rules of Professional Responsibility submit false statements before the Court such as that Defendants have not complied with their cease-and-desist letter or that Defendants have realized profits.

On April 2, 2021, Plaintiffs submitted a letter motion to this Federal Court "requesting an order to serve [the Summons and Complaint] by publication" upon Defendants. *See*, Dkt. No. 10. Plaintiffs omitted to disclose that a State Action was pending with the same Parties and the same factual allegations. Instead, they falsely asserted that they "hav[e] no leads or information with which they can pursue Defendants in New York." In her Order dated April 14, 2021, Honorable Magistrate Judge Roanne L. Mann denied Plaintiffs' motion for leave to effect alternate service and found that "Counsel for defendants in a parallel state court action have filed a response to

plaintiffs' motion, apprising the Court of material facts omitted from plaintiffs' submission" and Plaintiffs' statement as to their inability to serve Defendants with the Summons and Complaint "strains credulity given the fact that the Parties to this action have been engaged in parallel state court litigation since 2019." *See*, Docket No. 14.

In fact, in-house counsel represents Plaintiffs in the pending State Action, was in contact with Defendants' former counsel only five days after Plaintiffs filed the above-referenced Motion for service by publication. Defendants notified Plaintiffs' counsel of the latter's non-compliance with the February 2020 State Court Order in a letter dated April 7, 2021. **Exhibit 8**. Plaintiffs' in-house counsel responded to the letter requesting an additional month to comply with the State Court Order without mentioning the Federal Action. To date, Plaintiffs have failed to produce the outstanding discovery in clear violation of the State Court's discovery Order. **Exhibit 9.** It can be easily inferred that Plaintiffs attempted to exploit the Rules of Civil Procedure and deceive the Honorable Court in order to serve Defendants by publication and cause them to suffer reputational harm and loss of business.

These facts and the hostile history of the case strongly indicate the vexatious nature of the instant litigation. From the record of the case, it appears that Plaintiffs have instituted this action as much for tactical reasons as for a genuine interest in obtaining relief. *See also, Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 815 F.Supp. 127, 132 (S.D.N.Y. 1993). It can be reasonably inferred that Plaintiffs' objectives in filing the within Federal action was to avoid complying with the discovery Order entered February 28, 2020, and to extend the DMCA injunction under 17 USC sec. 512(g)(2)(c ) that is legally effective until the state court action is resolved, thereby precluding Toggle from selling online its merchandise. In weighing the factors under the *Colorado River* doctrine, the Courts have stated that vexatious and reactive litigation provides exceptional

circumstances warranting abstention and dismissal. It is respectfully submitted that Plaintiffs' instant Federal Action is purely vexatious, reactive, tactical, and initiated for the improper purposes of harassment, delay and needlessly increasing Defendants' litigation costs. Therefore, the Court must dismiss Plaintiffs' improper Amended Complaint.

## CONCLUSION

For the reasons stated herein, it is respectfully submitted that this Court should dismiss Plaintiff's Complaint in its entirety with prejudice as a matter of law, and in the alternative, under the *Colorado River* doctrine of abstention, impose sanctions to Plaintiff and award Defendants with the legal costs and reasonable attorney's fees incurred in defense of this action, together with all other and further relief as this Court may deem just and proper.

Dated: New York, New York
      December 20, 2021

                           **PARDALIS & NOHAVICKA LLP**

                 By:     */s/*Eleni Melekou_____
                           ELENI MELEKOU, ESQ.
                           *Attorneys for Plaintiff*
                           950 Third Avenue, 27th Floor
                           New York, NY 10022
                           Tel:    212.213.8511
                           Fax:    718.777.0599
                           E: Eleni@pnlawyers.com