UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――

№ 20-CV-05949 (EK) (RER)

―――――――――――――

ID Tech LLC d/b/a Frost NYC

versus

Toggle Web Media LLC d/b/a Icy AF Jewelry and Moshe Priyev

―――――――――――――

REPORT & RECOMMENDATION

October 10, 2023

―――――――――――――

To The Honorable Eric R. Komitee
United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff ID Tech LLC ("Plaintiff" or "ID")[1] commenced this action against Toggle Web Media LLC ("Toggle") and Moshe Priyev ("Priyev") (together "Defendants"), alleging copyright infringement under 17 U.S.C. § 106, *et seq.* (*See* ECF No. 26 ("Am. Compl.").[2] Your Honor granted Defendants' motion to dismiss for failure to state a claim for relief and dismissed Plaintiff's claims without prejudice. (ECF No. 41 ("Mem. & Order")). In so ruling, Your Honor noted that should Plaintiff not file a second amended complaint within thirty (30) days, the Amended Complaint would be dismissed with prejudice. (*Id.* at 20–21). Rather than file a second amended complaint, Plaintiff subsequently voluntarily dismissed the claims with prejudice

---

[1] The Complaint was originally brought by ID as well as the alleged owner of relevant copyrighted materials, Nison Kaykov ("Kaykov"). (*See* ECF No. 1 ¶¶ 18–19). On August 17, 2022, The Court granted ID's and Kaykov's request to dismiss Kaykov from the action. (Orders dated 8/17/2022, 8/19/2022).

[2] The Complaint also alleged a claim of unfair competition, which was removed from the Amended Complaint, filed on November 18, 2021. (Am. Compl.).

1

pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and the case was closed. (ECF No. 42; Order dated 4/12/2023). Now before the Court is Defendants' unopposed Motion for Attorney's Fees and Costs (ECF No. 44 ("Defs' Mot.")), which Your Honor referred to me for a Report and Recommendation (Order dated 5/9/2023). For the reasons set forth herein, I respectfully recommend that the Motion be granted and that Defendants be awarded a total of $19,215 in attorney's fees and $402 in costs.

## BACKGROUND

According to the Amended Complaint, Plaintiff and Toggle sell custom jewelry on the Internet. (Am. Compl. ¶¶ 2, 15). Priyev is Toggle's managing member. (*Id.* ¶ 11). Plaintiff alleged that Defendants infringed on Plaintiff's copyrights by creating an Internet website that is "substantially similar to and virtually indistinguishable" from Plaintiff's. (*Id.* ¶ 21). On March 23, 2023, the Court granted Defendants' motion to dismiss the Amended Complaint. (Mem. & Order). In doing so, the Court held that Plaintiff's failure to identify the "*specific work* that was copied render[d] its complaint subject to dismissal." (*Id.* at 15). The Court further held that even if Plaintiff did plead infringement of the photographs on the website, which were appended to the Amended Complaint (Am. Compl., Exs. A, C), such a claim would likely fail given that the photographs "exhibit little originality in their rendition." (*Id.*). Finally, the Court held that Plaintiff could not maintain an action for copyright infringement based on its website's "non-functional design elements," or its "look and feel," because it had not alleged that "it has a valid copyright registration extending to those elements." (*Id.* at 19–20). "[I]n an abundance of caution," the Court dismissed Plaintiff's claims without prejudice but noted that should Plaintiff not file a second amended complaint, the Amended Complaint would be dismissed *with* prejudice. (*Id.* at 17, 20–21).

2

On April 10, 2023, rather than file a second amended complaint, Plaintiff voluntarily dismissed the action with prejudice. (ECF No. 42). Thereafter, on May 5, 2023, Defendants filed an unopposed Motion for Attorney's Fees and Costs (Defs' Mot.). With its Motion, Defendants provided, (i) a memorandum of law in support of its Motion (ECF No. 44-1 ("Defs' Mem.")); (ii) the attorney declaration of Eleni Melekou, Esq. ("Melekou") (ECF No. 44-2 ("Melekou Decl.")); and (iii) invoices documenting attorney work throughout the case (ECF No. 44-3 ("Invoices")). On May 9, 2023, Your Honor referred the Motion to me for a Report and Recommendation. (Order dated 5/9/2023).

## DISCUSSION

Defendants request a total of $20,207.13 for 67.35 hours of work by an attorney (Melekou Decl. ¶¶ 29, 31), as well as an unspecified amount in costs (*see* Defs' Mem. at 17–19). For the reasons explained below, the Court recommends awarding Defendants the reduced amount of $19,215 in attorney's fees and $402 in costs.

I.    Entitlement to Attorney's Fees

"There is no automatic right to an award of attorney's fees to prevailing parties in copyright cases." *Stokes v. MilkChocolateNYC LLC*, No. 22 Civ. 6786 (PAE) (RWL), 2023 WL 4447073, at *10 (S.D.N.Y. July 11, 2023). Rather, attorney's fees may be awarded at the court's discretion. *Id.* "In exercising its discretion, the court considers a number of nonexclusive factors, such as 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

3

As an initial matter, Defendants are the prevailing party—in the face of a dismissal with prejudice for failing to file a second amended complaint, Plaintiff file a voluntary dismissal with prejudice, thereby tacitly recognizing the futility of its claims. (*See* Mem. & Order; ECF No. 42). Next, Plaintiff's copyright infringement claim was objectively unreasonable. Despite that it does "not hold a copyright registration protecting the website itself" (Mem. & Order at 2), Plaintiff alleged that Defendants' creation of their website constituted the infringing activity (Am. Compl. ¶ 16). And while Plaintiff's copyright registration extends to the text and photographs of Plaintiff's website (Mem. & Order at 14), Plaintiff "d[id] not allege that any photograph or any text was copied, let alone specify which photographs or text were allegedly copied" (*id.* at 16). In other words, Plaintiff failed to point to any specific infringing elements of Defendants' website that may have been protected by Plaintiff's copyrights. Therefore, an award of reasonable attorney's fees for Defendants is appropriate in this case. *See Porto v. Guirgis*, 659 F. Supp. 2d 597, 618 (S.D.N.Y. 2009) ("When a plaintiff cannot demonstrate a single similarity among the protectible elements of his work and the defendants' work, it is appropriate to award attorneys' fees so as to compensate the defendants for their costs in litigating this matter, and to deter future potential plaintiffs from filing objectively unreasonable claims.").

II.   Determination of the Fee Award

A district court has broad discretion to determine the reasonable amount of attorney's fees to be awarded. *See, e.g.*, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 183, 190 (2d Cir. 2008). Courts in this Circuit calculate the presumptively reasonable attorney's fees as the product of a reasonable hourly rate and hours reasonably expended on the litigation. *Torres v. 894 Dekalb Pizza Corp.*, No. 19-CV-5750 (AMD) (SMG), 2020 WL 8768258, at *9 (E.D.N.Y. Dec. 28, 2020) (citing *Arbor Hill*, 522 F.3d at 183), *adopted by* 2021 WL 848849

(Mar. 5, 2021); *Cooper v. Dieugenia*, No. 14-CV-6136 (PKC), 2018 WL 2103200, at *2 (E.D.N.Y. May 7, 2018). "The traditional rule in the Second Circuit is that a fee application must be supported by 'contemporaneous time records' that 'specify, for each attorney, the date, the hours expended, and the nature of the work done.'" *CIT Bank, N.A. v. Mitchell*, No. 17-CV-1969 (ILG) (SMG), 2021 WL 54081, at *6 (E.D.N.Y. Jan. 6, 2021) (quoting *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), *adopted by* 2021 WL 965072 (E.D.N.Y. Mar. 15, 2021)). When reviewing a request for attorney's fees, courts need not play the role of "green-eyeshade" accountants, nor should the determination of fees result in full blown litigation. *Fox v. Vice*, 563 U.S. 826, 838 (2011). Indeed, "[t]he essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Id.*

    A. <u>Reasonable Hourly Rates</u>

Courts generally use the prevailing hourly rates in the district in which they sit. *Frederic v. Commonwealth Fin. Sys., Inc.*, No. 15-CV-03811 (PKC), 2016 WL 1383488, at *1 (E.D.N.Y. Apr. 7, 2016) (citing *Arbor Hill*, 522 F.3d at 190). "[T]he nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." *CIT Bank, N.A. v. Tineo*, No. 17-CV-5119 (PKC) (RML), 2022 WL 1085492, at *1 (E.D.N.Y. Feb. 22, 2022) (citing *Arbor Hill*, 522 F.3d at 184 n.2), *adopted by* 2022 WL 842641 (Mar. 21, 2022). In this District, reasonable rates "generally range from $300.00 to $450.00 for partners, $200.00 to $325.00 for senior associates, [and] $100.00 to $200.00 for junior associates . . . ." *CIT Bank N.A. v. Gordon*, No. 17-CV-3972 (ADS) (SIL), 2020 WL 4587446, at *3 (E.D.N.Y. May 10, 2020) (citations omitted), *adopted by* 2020 WL 2711420 (May 26, 2020). However, courts consider several factors when weighing the reasonableness of rates, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion

5

>of employment by the attorney due to acceptance of the case; (5) the attorneys' customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*E. Sav. Bank, FSB v. Whyte*, No. 13-CV-6111 (CBA) (LB), 2015 WL 790036, at *8 (E.D.N.Y. Feb. 24, 2015) (quoting *Arbor Hill*, 522 F.3d at 186 n.3).

Defendants seek to recover attorney's fees incurred at an hourly rate of $300 for legal work. (Melekou Decl. ¶ 31). Defendants' counsel, Melekou, is an associate at Pardalis & Nohavicka, LLP and has practiced law in the Southern and Eastern Districts of New York as well as in the New York state court system since 2019. (*Id.* ¶ 33). Melekou "ha[s] acted as lead counsel in many intellectual property enforcement cases, and other complex business and commercial litigation cases . . . ." (*Id.*). A similar rate for Defendants' counsel has been approved in the past. *See Antetokounmpo v. Costantino*, No. 21 Civ. 2198 (JMF) (JLC), 2021 WL 5916512, at *9 (S.D.N.Y. Dec. 15, 2021) (finding Melekou's hourly rate of $350 reasonable in trademark infringement action), *adopted by* 2022 WL 36232 (Jan. 4, 2022). The rate requested is also commensurate with the rates approved for associates in other intellectual property cases. *See United States v. City of New York*, No. 07-CV-2067 (NGG) (RLM), 2013 WL 5542459, at *6 (E.D.N.Y. Aug. 30, 2013) ("Recent opinions in this District suggest that reasonable hourly rates are 'approximately $300-450 for partners, $200-$325 for senior associates, and $100-$200 for junior associates.'") (quoting *Bogosian v. All Am. Concessions*, No. 06-CV-1633 (RRM), 2012 WL 1821406, at *2–3 (E.D.N.Y. May 18, 2012)). Melekou's work in this case involved both briefing and appearing for oral argument on a motion to dismiss. (*See generally,* Invoices). Accordingly, considering Defendants' counsel's past experience as lead counsel and the substantive nature of her work on this case, the Court finds that the requested hourly rate of $300 is reasonable.

6

B. Reasonable Hours Expended

"The party seeking attorney's fees also bears the burden of establishing that the number of hours for which compensation is sought is reasonable." *Crews v. Cty. of Nassau*, No. 06-CV-2610 (JFB) (GRB), 2019 WL 6894469, at *7 (E.D.N.Y. Dec. 18, 2019) (quoting *Custodio v. Am. Chain Link & Constr., Inc.*, No. 06 Civ. 7148 (GBD) (HBP), 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014)). In the determination of reasonableness, "[t]he relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). As such, courts consider attorneys' hours "in light of the extent and nature of the legal tasks they performed." *CIT Bank, N.A. v. Ayers*, No. 15-CV-7256 (JFB) (SIL), 2017 WL 6816486, at *4 (E.D.N.Y. Dec. 5, 2017), *adopted by* 2018 WL 317840 (Jan. 3, 2018). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)); *New York State Ass'n for Retarded Children, Inc.*, 711 F.2d at 1146. Courts specifically have "discretion to reduce attorneys' fees where billing records contain vague entries, block entries, claims for excessive amounts of time, and other issues." *Zaslavskiy v. Weltman, Weinberg & Reis Co.*, No. 18-CV-4747 (DLI) (RER), 2022 WL 1003589, at *14 (E.D.N.Y. Jan. 5, 2022) (quoting *Dagostino v. Computer Credit, Inc.*, 238 F. Supp. 3d 404, 416–17 (E.D.N.Y. 2017)).

Defendants have submitted contemporaneous time records in connection with a total of 67.35 hours of legal work performed in this case. (*See* Invoices). These records generally reflect the hours expended, the work performed, and the billing rate applied. The Court has reviewed the records and generally finds the time spent to be reasonable. However, the records do include a

7

small handful of vague, block-billed, or otherwise unnecessary entries. (*See, e.g.*, Invoices at 5 (two-tenths (.20) of an hour for "Substitution of Counsel" and one (1) block-billed hour for a conference call and "coordinat[ing] tasks"), 9 (three-tenths (.30) of an hour for filing in state court action), 10 (two (2) hours for block-billed drafting of memorandum and "review of files"), 12 (duplicative billing for review of ECF entry)). In light of these relatively minor observations, the Court recommends reducing the requested hours by five percent (5%), amounting to a reduction of 3.3 hours of attorney work.

*   *   *

Accordingly, I respectfully recommend that the Court award Plaintiff attorney's fees for 64.05 hours[3] of legal work at the requested hourly rate for a total of $19,215.[4]

III. Costs

Defendants request legal costs associated with this action, but have not requested a specific amount or provided any associated documentation. (*See* Defs' Mem. at 17–19). The party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-CV-3027 (JFB) (AKT), 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting *Pennacchio v. Powers*, No. 05-CV-985 (RRM) (RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)). Thus, parties may not recover their costs when they fail to submit supporting documentation. *See, e.g., Saavedra v. Twin Kitty Bakery Corp.*, No. 18-CV-00932 (PKC) (PK), 2021 WL 1394487, at *19 (E.D.N.Y. Feb. 16, 2021) (recommending that the "[p]laintiffs not be awarded the costs of the process servers" when no supporting documentation was submitted), *adopted by* 2021 WL 1169321 (Mar. 29, 2021); *Singh v. All*

---

[3] 67.35 hours − 3.3 hours = 64.05 hours.

[4] 64.05 hours × $300 = $19,215.

*Empire Bldg. Contractors, Inc.*, No. 20-CV-2736 (DRH) (AYS), 2021 WL 3055858, at *9 (E.D.N.Y. June 30, 2021) (recommending judicial notice of the court's filing fee but denial of request for cost recovery due to plaintiff's "fail[ure] to submit sufficient invoices, receipts, or other documentary proof"), *adopted by* 2021 WL 3054963 (July 20, 2021); *Xin Long Lin v. New Fresca Tortillas, Inc.*, No. 18-CV-3246 (RJD) (RER), 2019 WL 3716199, at *10 (E.D.N.Y. May 1, 2019) (denying recovery of service costs without supporting documentation), *adopted by* 2019 WL 3714600 (May 28, 2019). An attorney's time records are inadequate to support cost recovery. *See Guaman v. Krill Contracting, Inc.*, No. 14-CV-4242 (FB) (RER), 2015 WL 3620364, at *14 (E.D.N.Y. June 9, 2015) (finding notations in attorney's time records denoting "service of process" to be insufficient to support a request for this cost). Defendants have not provided any receipts or records to support their request for legal costs. However, "a court can take judicial notice of the court's filing fee and award it" when the filing fee appears on the docket. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *19 (E.D.N.Y. Sept. 1, 2015), *adopted by* 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015). A $402 filing fee appears on the docket here. (ECF No. 1). Accordingly, I respectfully recommend awarding Defendants $402 in costs.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court grant Defendants' Motion and award Defendants a total of $19,215 in attorney's fees and $402 in costs. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric R. Komitee within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

Hon. Ramon E. Reyes, Jr. Digitally signed by Hon. Ramon E. Reyes, Jr.
Date: 2023.10.10 15:39:03 -04'00'
_____
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: October 10, 2023
      Brooklyn, NY